THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROCKS IN THE BAY L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> CHERIE V. CAMDEN, *et al.*, <br><br> Defendants. | CASE NO. C17-0418-JCC <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

This matter comes before the Court on Plaintiff Rocks in the Bay L.L.C.'s motion to remand (Dkt. No. 4). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

On February 27, 2017, Plaintiff filed this unlawful detainer action against Defendants Cherie V. Camden, Joseph A. Camden, and all other occupants of the property at issue in King County Superior Court. (Dkt. No. 1-2.) Defendants removed the action to federal court on March 17, 2017, asserting this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, § 1441(a), § 1441(b), and 12 U.S.C. § 5220. (Dkt. No. 1-1 at 2.) Plaintiff asks this Court to remand the case for lack of subject matter jurisdiction. (*See generally* Dkt. No. 4.) Plaintiff also asks this Court to authorize attorney fees in the amount of $1,284.95 for the 5.1 hours expended in bringing this motion. (Dkt. No. 5 at 2; Dkt. No. 5-1 at 4.)

Once removed, a case can be remanded back to state court for either improper removal procedure or lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The Court has subject matter jurisdiction where the matter (1) arises under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, or (2) has an amount in controversy exceeding $75,000 and there is complete diversity between the parties, 28 U.S.C. § 1332. Subject matter jurisdiction arises from a plaintiff's complaint; this Court does not have federal question jurisdiction where the only federal issues are federal defenses raised by the defendant. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009).

This Court concludes that removal is improper because it lacks subject matter jurisdiction over this matter. Diversity jurisdiction does not exist because the parties are not completely diverse—both parties are residents of Washington State. (Dkt. No. 1 ¶¶ 1–2.) Moreover, Defendants incorrectly assert federal question jurisdiction. Plaintiff's complaint asserts two claims: unlawful detainer and forceful detainer. Each claim arises under Washington state law, not under "the Constitution, laws, or treaties of the United States," and as such, federal question jurisdiction is not present. 28 U.S.C. § 1331.

Defendants also inaccurately assert this Court has subject matter jurisdiction under 12 U.S.C. § 5220, the Protecting Tenants at Foreclosure Act of 2009 (PFTA). PFTA merely provides a defense to eviction claims. *See Logan v. U.S. Bank Nat'l Ass'n*, 772 F.3d 1163, 1164 (9th Cir. 2013). As noted above, a federal defense cannot confer federal jurisdiction; thus this Court does not have subject matter jurisdiction to hear this case under PFTA. *See Merrell Dow Pharm. Inc.*, 478 U.S. at 808; *Provincial Gov't of Marinduque*, 582 F.3d at 1086.

Concerning fees, attorney fees are recoverable pursuant to 28 U.S.C. § 1447(c) where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 141 (2005). Here, removal was improper because this Court lacks subject matter jurisdiction on the face of the complaint. Therefore, the Court GRANTS

Plaintiff's request for $1,284.95 for attorney fees. (Dkt. No. 5-1 at 4–5.)

For the foregoing reasons, Plaintiff's motion to remand (Dkt. No. 4) is GRANTED. Plaintiff is AWARDED $1,284.95 for attorney fees incurred in preparation of its motion to remand. Further, Judge Tsuchida's Report and Recommendation (Dkt. No. 6) is DENIED as moot.

DATED this 11th day of May 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE